**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM LARRY MALOTT,** | * | |
| **ADC#110730** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 1:05CV00063 JLH/JFF |
| | * | |
| **JIM BISHOP, Sheriff and** | * | |
| **CHARLES VAUGHN, Jail** | * | |
| **Administrator** | * | |
| | * | |
| **Defendants** | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**I**.     **INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite 402
>  Little Rock, AR 72201-3325

## II.    DISPOSITION

Plaintiff, an inmate confined to the Arkansas Department of Correction, filed this action pursuant to 42 U.S.C. Section 1983 against Defendants Jim Bishop, Jackson County Sheriff and Charles Vaughn, Jackson County Jail Administrator in their official capacities only. Plaintiff seeks compensatory and punitive damages.

In the Complaint, he asserts that on March 14, 2003, while incarcerated in the Jackson County Jail, he slipped and fell. He asserts that the fall was "a direct result of the negligence" on the part of the Defendants because both men are responsible for maintaining the jail in a safe condition for inmates. A leak in the roof dripped water on the floor for several days after it rained. The leak was present for several months prior to Plaintiff's fall and had not been repaired even though it was reported to the Defendants. After the fall, he was transported by ambulance unconscious to the

emergency room where he was x-rayed, treated, and released to return to the jail. Plaintiff sustained a concussion, impaired hearing, and a lower back injury as a result of the fall. The following day he informed a jailor that he needed more medical attention. Shortly thereafter, Plaintiff was released upon his own recognizance. A jailor told Plaintiff he was being released because officials knew he was injured and did not want to pay his medical bills. He has remained under a doctor's care for his injuries.

Under the *in forma pauperis* statute, the court must dismiss a complaint, or portion thereof, at any time if the Court determines that the petitioner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from suit. 28 U.S.C.§ 1915A(e)(2) and *see Christensan v. Clarke*, 147 F.3d 655 (8th Cir. 1998) (upholding pre-service dismissal of indigent prisoner's complaint for failure to state a claim).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff does not invoke or reference any specific constitutional provision, but merely alleges that Defendants were "negligent" in failing to fix the leaky roof.  To state a claim for relief, a complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.  This Plaintiff has not done. *See Walker v. M.D. Reed*, 104 F.3d 156 (8th Cir. 1997) (upholding dismissal of claim as frivolous where Plaintiff alleged Defendants were negligent but did not invoke federal constitutional rights or allege a violation of the constitution or federal law in complaint that stated he was injured in a fall on wet floor in prison bathroom).

Notwithstanding, Plaintiff's Complaint, even when liberally construed, fails to allege a conditions-of-confinement claim that rises to a level of constitutional dimension.   In a similar case, *Davis v. Dorsey*, 167 F.3d 411 (8th Cir. 1999), a pretrial detainee injured himself in a jail shower and sued under § 1983, claiming that jail personnel had ignored complaints about standing water in the shower.  The Eighth Circuit held that the plaintiff's allegations regarding the faulty shower amounted to "no more than a claim of negligence." *Id*. at 412.  Likewise, in *Walker v. M.D. Reed*, 104 F.3d 156 (8th Cir. 1997), the Eighth Circuit affirmed the district court's dismissal of plaintiff's complaint as frivolous in which he alleged that he injured his arm and shoulder in a fall caused because water accumulated on the bathroom floor from leak from the shower, wall, and sinks, and Defendants were negligent in failing to discover the defects.  Similarly, in *Stephens v. Johnson*, 83 F.3d 198, 200-01 (8th Cir. 1996), the Court held that a prison official's knowledge of and failure to correct a prison safety problem may have constituted negligence, but did not establish a constitutional violation.  Finally, in *Thornton v. Phillips*

*County*, 240 F.3d 728 (8th Cir. 2001), an inmate sued officials asserting that he was issued a jumpsuit that was too long which caused him to fall down stairs, and the Eighth Circuit affirmed the decision of the district court to dismiss prior to service of process because Plaintiff had asserted no more than mere negligence.  The absence of any allegations tending to establish deliberate indifference on the part of the Defendants causes this claim to fall far short of supporting a actionable constitutional claim.  Section 1983 does not provide a forum for adjudication of state law common law claims.

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint be dismissed with prejudice for his failure to state a claim upon which relief could be granted, and that Judgment be entered accordingly.

DATED this 18th day of November, 2005.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT